**SO ORDERED.**

**SIGNED this 15th day of May, 2012.**



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In Re:

**MEGAN DIANE BALLWAY,**

        **DEBTOR.**

**LINDA S. PARKS, Trustee,**

        **PLAINTIFF,**

**v.**

**PERSELS & ASSOCIATES, LLC and
LAURA K. SIMPSON-REDMOND,**

        **DEFENDANTS.**

**CASE NO. 10-13945
CHAPTER 7**

**ADV. NO. 11-05016**

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO INTERVENE FILED BY
## OFFICE OF ATTORNEY GENERAL DEREK SCHMIDT

The Office of Kansas Attorney General Derek Schmidt (Attorney General) has filed a Motion to Intervene (Motion).[1] The Motion was filed in response to the Defendants' notice of challenge to the constitutionality of the Kansas Credit Services Organization Act, K.S.A. 50-1116 *et seq*. and the Kansas Consumer Protection Act, K.S.A. 50-623 *et seq*. as those statutes are sought to be applied by the Plaintiff in this adversary proceeding.[2] Defendants have filed a limited objection.

The authority for the Attorney General to intervene when the constitutionality of a state statute is challenged is found in 28 U.S.C. § 2403(b), which states:

> (b) In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

The subsection is implemented by Federal Rule 5.1, which is made applicable in this proceeding by Bankruptcy Rule 9005.1. The rule requires notice of the challenge to the constitutionality of state statutes be given to the state attorney general and provides that "the attorney general may intervene" within 60 days of such notice.

---

[1] Dkt. 62 (March 2, 2012).

[2] Dkt. 57 (January 3, 2012) .

2

There is no question that under the foregoing statute and rule the Attorney General may intervene to address the constitutionality of the statutes in issue.[3]  Defendants do not oppose intervention for this purpose.

Defendant's opposition to intervention is limited to the portion of the Motion in which the Attorney General requests that he "be allowed to brief the pending issues on the Renewed Motion to Withdraw Reference and Transfer Proceedings to the District Court."[4]  Defendants argue that 28 U.S.C. 2403(b) limits intervention to the question of constitutionality of the Kansas statutes in issue and that withdrawal of reference does not include constitutionality questions.[5]  The Court agrees.  The statutory language provides that intervention shall be granted "for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality."  It further provides, "The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality."  The case law cited by Defendants supports interpreting the statute to provide for intervention for this limited purpose.[6]  The Attorney General has not responded with arguments in support of broader intervention.

---

[3] There is no challenge to the timeliness of the motion to intervene.

[4] Dkt. 62.

[5] Dkt. 64.

[6] *Vietnamese Fishermen's Ass'n v. Knights of Ku Klux Klan*, 543 F. Supp. 198, 215 n. 17 (S.D. Tex. 1982); Smolowe v. Delendo Corp., 36 F. Supp. 790, 792 (S.D.N.Y. 1940); *Freedom from Religion Foundation v. Congress of the U.S.*, 2008 WL 3287225 *8 (D.N.H. 2008).

3

The Court therefore grants the motion to intervene as to matters concerning the constitutionality of the Kansas Credit Services Organization Act and the Kansas Consumer Protection Act. The Court denies the request of the Attorney General to brief his position on the pending Renewed Motion to Withdraw Reference and Transfer Proceedings to the District Court.

**IT IS SO ORDERED.**

###